BARKER & CO. vs. EXECUTORS OF
GLASCOW.

Plea of the statute of limitations, must go to the time when the right of action accrued.
After demurrer argued and decided, the court will not allow an amendment that does
not go to the merits of the action.

ACTION on the case.

The declaration was, "for that, whereas, the said Joseph Glascow
in his life time, and one John Gilmore (upon whom the writ was not
served) on the 7th March 1807, at, &c. being masters and owners of a
certain Orleans boat then riding at Charlestown, &c. in consideration
that the said Barker & Co. at the special instance and request of them,
the said Glascow and Gilmore, had delivered to them, the said G. and
G. divers goods and merchandises, to wit, seventy-five barrels of flour
belonging to the said Barker and Co. of the value of $750, in good
order, to be well and safely carried and transported by them, in their
said boat, from &c. to New Orleans (the dangers of the river excepted);
to be delivered to the said Barker & Co. or their order, at, &c.; the
said Barker & Co. paying freight for the same, at the rate of one dollar
and fifty cents per barrel; in consideration whereof, they the said G.
and G. then and there undertook, and faithfully promised the said B.
& Co. to take care of, and safely and securely, to carry, transport and
deliver, the said 75 barrels of flour as aforesaid, (the dangers of the
river excepted); and although the said G. and G. so being such masters
and owners of the said boat as aforesaid, then and there had and
received the said 75 barrels of flour, to be carried and conveyed and
delivered as aforesaid; and although reasonable time for the carrying,
transporting, and delivering, of the said 75 barrels of flour as aforesaid
has long since elapsed, yet the said G. and G. not regarding their duty
in that behalf, nor their said promise and undertaking, but contriving,
&c. whilst they had the care and custody of the said flour for the
purpose aforesaid, took so little and such bad care of the said flour, that
by and through mere carelessness and negligence of the said G. and G.
in that behalf, the said 75 barrels of flour became and were wholly
lost to the said B. & Co. at, &c.

The second count assigned the breach of contract, in "not safely
and securely carrying, transporting, and delivering the said 75

barrels of flour," " but wholly neglecting and refusing, <span style="float:right">COLUMBIANA.</span>
although not prevented by the dangers of the river."

<span style="float:right">December 1817<br>Barker & Co.<br>*v.*<br>Ex'rs of Glas-<br>cow.</span>

PLEA 1st. Non-assumpsit.

    2d. Non-assumpsit within six years.

    3d. Non-assumpsit within four years.

Replication—Joins issue on the first plea, and demurs generally to the 2d and 3d pleas.

GOODENOW and BLOCKSOM, in support of the demurrer, argued that the statute of limitations was not well pleaded; the action is brought on an executory contract, and the pleas ought to be to the time when the right of action accrued ; and they cited 2d Caines 139-233-369-375—3d Caines 170—2d Johns. Rep. 209—3d Johns. Rep. 44-140-243—2d Bos. & Pul. 245—8th Term Rep. 300—1st Mass. Rep. 96-104—1st East 391—7th East 507—3d Bos. & Pul. 11—and 2d Mass. Rep. 81.

WRIGHT, contra.

PRESIDENT.—The authorities cited in support of the demurrer, so far as I have examined them, have little or no bearing upon the question. The 2d and 3d pleas are, however, clearly bad, because they do not go to the time when the cause of action accrued, but to the time of the promise. This was a promise to transport to, and deliver flour in, New Orleans, *within a reasonable time ;* the action did not accrue to the plaintiff, instantly on the promise being made, but only after the lapse of a reasonable time ; so the negligence complained of, must have been at a time subsequent to the promise. If the cause of action has accrued within four or six years, it matters not when the promise was made—1st Mod. 71—1st Vent. 191—1 Mod. 89—& lord Rayn. 838.

Demurrer sustained.

The defendant then moved for leave to amend his pleas.

PRESIDENT.—After the court have decided on a demurrer, an amendment will not be allowed, unless the proposed amended or new plea, goes to the merits of the action, which generally the statute of limitations does not; and no circumstances appearing in favor of the equity of such plea in this case, the amendment cannot be allowed.